UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| OVIDIU P. TUDORIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:04 CV 294 |
| | ) | |
| HORSESHOE CASINO HAMMOND, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM and ORDER

This matter is before the court on a FED.R.CIV.P. 72(a) objection filed by defendant Horseshoe Hammond, Inc.[1] to Magistrate Judge Rodovich's Order of January 24, 2005 allowing plaintiff to amend his complaint. For the following reasons this court **ADOPTS** Magistrate Judge Rodovich's January 24 ruling.

### I. BACKGROUND

On July 27, 2004, plaintiff Ovidiu P. Tudoriu ("plaintiff"), a native of Romania, filed a complaint against defendant Horseshoe Hammond, Inc. ("defendant") in this court. In his complaint, plaintiff asserts that he applied for a job with defendant in the Summer or Fall of 2003, but was "discriminated against because of his citizenship status" in violation of "federal law including the

---

[1] When filing this action, plaintiff incorrectly identified defendant as "Horseshoe Casino Hammond."

Immigration Reform and Control Act of 1986." (Pl.'s Compl. ¶¶ 2-3). On September 15, 2004, defendant filed a FED.R.CIV.P. 12(b)(1) motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction in which it argues, generally stated, that the Immigration Reform and Control Act of 1986 ("IRCA") bars plaintiff from filing a claim in federal court (as only the Department of Justice has jurisdiction over such a claim). (Def.'s Mot. Dismiss ¶ 2).

Shortly after defendant filed its motion to dismiss, plaintiff filed a motion requesting that he be allowed to amend his complaint to add: (1) a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a claim under 42 U.S.C. § 1981; and, (3) an action for declaratory judgment. (*See* Pl.'s Am. Compl., at Counts II-IV). Noting that each of his proposed claims were premised on the same facts set forth in his original complaint, plaintiff also requested that his amendments "relate back" to his original filing of July 27, 2004. (Pl.'s Mot. Am. Compl. ¶¶ 4-5). Defendant did not file a response to plaintiff's motion to amend his complaint.[2]

---

[2] The court has difficulty understanding why it is that defendant did not object to plaintiff's request to amend his complaint *at the time* plaintiff filed his request; after all, defendant had nearly two months between plaintiff's request to amend and Magistrate Judge Rodovich's ruling to file a response. Waiting to object until the request was granted has only served to cause confusion and delay these proceedings unnecessarily.

2

Approximately two weeks after plaintiff made the request to amend his complaint, his attorney asked to withdraw from the case. Plaintiff's attorney's request to withdraw was granted by Magistrate Judge Rodovich who also chose to stay the deadlines on all pending motions (which included plaintiff's motion to amend his complaint and defendant's motion to dismiss) in order to provide plaintiff with an opportunity to find a new attorney. Plaintiff was ultimately unable to find an attorney and informed Magistrate Judge Rodovich that he wished to proceed with his case *pro se*. Once it was established that plaintiff would be proceeding *pro se,* Magistrate Judge Rodovich turned his attentions toward deciding the merits of the (non-dispositive) pending motions.

On January 24, 2005, Magistrate Judge Rodovich granted plaintiff's motion to amend his complaint, and the amended complaint was duly docketed that same day. Defendant has now filed an objection to Magistrate Judge Rodovich's order allowing plaintiff to amend his complaint, and would like this court to review that decision pursuant to FED.R.CIV.P. 72(a). The court shall now address the merits of defendant's objection.

## II. STANDARD OF REVIEW

FEDERAL RULE OF CIVIL PROCEDURE 72(a) provides that a Magistrate Judge to whom a non-dispositive, pre-trial matter has been referred shall conduct all necessary proceedings on that matter and "when appropriate enter into the

3

record a written order setting forth the disposition of the matter." RULE 72(a) also provides that parties may file with a district court any objections to a decision rendered by a Magistrate Judge as long as they do so within 10 days after receiving a copy of the Magistrate Judge's order. FED.R.CIV.P. 72(a). If a timely objection is made, "[t]he district judge to whom the case is assigned shall consider such objection[ ] and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law*." FED.R.CIV.P. 72(a) (emphasis added).

## III. ANALYSIS

Pursuant to FED.R.CIV.P. 15(a), a plaintiff is permitted to freely amend his complaint at any time before a "responsive pleading" is served. Thus, it would seem that plaintiff in the instant action had every right to file his amended complaint, even without leave of court. *See* FED.R.CIV.P. 15(a).[3] However, in it's FED.R.CIV.P. 72(a) objection to Magistrate Judge Rodovich's January 24 Order, defendant asserts that allowing plaintiff to amend his complaint constituted error in this instance. Indeed, according to defendant, this court did not have subject matter jurisdiction over plaintiff's original complaint which asserts a claim under

---

[3] A motion to dismiss for lack of subject matter jurisdiction (like the one filed by defendant in the instant action) is not a "responsive pleading."

4

the IRCA;[4] and, defendant contends, should a court not have subject matter jurisdiction over a complaint, then there exists nothing (no claim) in federal court which a plaintiff might amend or to which he might have any purported amendments relate back, (Def.'s Obj., at 6). Therefore, defendant argues, without subject matter jurisdiction over plaintiff's original complaint, plaintiff cannot – and should not have been permitted to – amend his complaint. (Def.'s Obj., at 6-8).

First, as to defendant's contention that this court does not have jurisdiction over claims made pursuant to the IRCA, this court shall leave that issue for another day as it is unnecessary to decide for purposes of the instant objection, and here is why: plaintiff did not limit himself in his original complaint to asserting a claim under the IRCA. Rather, plaintiff's complaint left open the potential basis for jurisdiction by noting simply that defendant's (alleged) discriminatory actions violated "federal law;" only after making this general statement did he enumerate the IRCA as *one* of the statutes potentially violated by defendant's behavior. (Pl.'s Compl. ¶ 3 ("[T]he actions of defendant violated federal law including [but presumably not limited to] the [IRCA].")). Of course, the simple act of complaining that certain actions fall under "federal law" does

---

[4] Defendant argues that only the Department of Justice has jurisdiction over IRCA claims. (Def.'s Obj., at 4-5).

not in itself create federal jurisdiction over an action. However, the liberal federal pleading rules "do[ ] not require that a plaintiff set forth a specific statutory basis for the district court's subject matter jurisdiction in order for the court to assume jurisdiction, *so long as he alleges facts sufficient to bring the case within the court's jurisdiction.*" *Caldwell v. Miller,* 790 F.2d 589, 595 (7th Cir. 1986) (citations omitted) (emphasis added). Ultimately, this court thinks that the facts alleged in plaintiff's original complaint – with or without mention of the IRCA – are sufficient to bring the case within the court's federal question jurisdiction.

     Indeed, plaintiff generally alleges that he suffered some form of employment discrimination based upon the fact that he is Romanian. Such allegations could, under this court's liberal pleading standard, clearly be construed to present a claim under, for example, Title VII. *See Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992) (The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process.). Therefore, even assuming that this court does not have jurisdiction over claims asserted under the IRCA, that does not mean that this court did not have jurisdiction over plaintiff's original complaint which, by way of the particular facts presented, suggests the existence of a federal question claim. Consequently,

6

plaintiff was surely appropriately permitted to amend his complaint. *See* FED.R.CIV.P. 15(a).

Yet, defendant's objection to Magistrate Judge Rodovich's January 24 Order is not really just that Magistrate Judge Rodovich allowed plaintiff to amend his complaint, but also that he permitted those amendments to "relate back" to the date of the original complaint; for without "relation back," plaintiff's Title VII claim would seemingly be untimely.[5] However, under Fed.R.Civ.P. 15(c), amendments – like those this court has just determined were permissibly filed by plaintiff – relate back to the date of the original pleading "when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth . . . in the original pleading." The claims asserted in plaintiff's amended complaint under Title VII and § 1981 are clearly based upon identical facts and circumstances (relating to defendant's failure to hire plaintiff in the Summer or Fall of 2003) as those asserted by plaintiff under "federal law" (and the IRCA) in his original complaint. Thus, plaintiff's amended complaint "relates back" to the date of the original

---

[5] It appears that plaintiff received his right-to-sue letter from the Equal Employment Opportunity Commission on April 29, 2004, (Pl.'s Am. Compl., at Ex. D-1 ¶ 5), which means that the 90-day limitations period in which he had to file his Title VII action in federal court, *see* 42 U.S.C. § 2000e-5(f), would have expired on approximately July 29, 2004.

complaint. *See* FED.R.CIV.P. 15(c); *cf. Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (amended complaint alleging Title VII violations clearly related back to date of original complaint which alleged only violation under the Illinois Human Rights Act ("IHRA") because both the Title VII and IHRA claims were based upon identical facts and circumstances). Accordingly, this court does not find to be "clearly erroneous or contrary to law" Magistrate Judge Rodovich's decision to allow plaintiff to amend his complaint and to have those amendments relate back to his original filings. *See* FED.R.CIV.P. 72(a). Therefore, the court **ADOPTS** the Magistrate Judge's January 24 Order.

## IV. CONCLUSION

For the foregoing reasons, this court **ADOPTS** Magistrate Judge Rodovich's Order dated January 24, 2005 (docket # 18), and **DENIES** defendant's FED.R.CIV.P. 72(a) objection (docket # 21). It should be noted here that this court's current ruling concerning plaintiff's ability to amend his complaint does not negate the validity of defendant's FED.R.CIV.P. 12(b)(1) arguments against any claims made by plaintiff under the IRCA. Thus, this court presumes that defendant's FED.R.CIV.P. 12(b)(1) motion stands against plaintiff's amended complaint. Should the defendant wish to supplement its FED.R.CIV.P. 12(b)(1) motion at this point, it may do so within 15 days of the date of entry of this order. *If* defendant chooses to file a supplement, plaintiff may then respond within

8

15 days of receipt of that supplement, and defendant may accordingly reply within 10 days of receiving a response.

**SO ORDERED.**

**Enter**: August 25, 2005

_____s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT